UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERFORMANCE LABS, INC.; JOSEPH LEPKOWSKI, DDS D/B/A OAK PARK DENTAL STUDIO; ROOKIES, INC.; and JASA, INC. on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>- against -<br><br>AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br>Defendants. | **Civil Case No.: 06-CV-2974-WHP**<br><br>**ECF CASE** |
| LOPEZ DEJONGE, INC.; PRANZO, INC.; GINA KIM-PARK, d/b/a MILLE FIORE; and PARLOR CORPORATION on behalf of themselves and all similarly situated persons,<br><br>Plaintiffs,<br><br>- against -<br><br>AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,<br>Defendants. | **Civil Case No.: 07-CV-1303-WHP**<br><br>**ECF CASE** |



**[PROPOSED] PRETRIAL ORDER NO. 1**

**WHEREAS**, putative class actions have been filed in this Court on behalf of numerous plaintiffs against American Express Travel Related Services Company, Inc. and American Express Company (together, "American Express") relating to American Express's so-called "non-discrimination rules" also known as "anti-steering rules" ("ASRs");

**WHEREAS,** the parties believe that all such putative class actions challenging American Express's so-called "non-discrimination rules" or ASRs should be formally consolidated and handled in a coordinated manner;

**WHEREAS**, the proposed interim co-lead counsel for the putative class were: (i) appointed as interim class counsel in an action entitled *In re American Express Merchants' Litigation*, Master File No. 03 CV 9592 (GBD) by Order dated December 11, 2004; and (ii) have acted as lead counsel in *Marcus Corp. v. American Express*, 04 CV 5432 (GBD), in which extensive discovery has been completed, and cross-motions for summary judgment and a motion for class certification are fully submitted;

**WHEREAS**, the proposed interim co-lead counsel for the putative class have demonstrated the experience, knowledge and resources required by Fed. R. Civ. P. 23(g); and

**WHEREAS**, counsel for the parties have met and conferred and propose the following Pretrial Order No. 1;

**NOW, THEREFORE,** the Court Orders as follows:

## I. ORDER OF CONSOLIDATION

Pursuant to Fed. R. Civ. P. 42(a)(2), the Court finds that the following actions have common allegations of law and fact and that consolidation under Rule 42(a) will expedite pretrial proceedings, reduce case duplication, avoid the need to contact parties and witnesses for multiple proceedings, and minimize the expenditure of time and money for all parties involved. Therefore, the Court consolidates the following actions pending before it:

- *Performance Labs, Inc.; Joseph Lepkowski, DDS d/b/a Oak Park Dental Studio; Rookies, Inc.; and Jasa, Inc. v. American Express Co.*, et al., No. 06-CV-2974-WHP (S.D.N.Y.) ("*Performance Labs*"), and

- *Lopez DeJonge, Inc.; Pranzo, Inc.; and Parlor Corp. v. American Express Co.*, et al., No. 07-CV-1303-WHP (S.D.N.Y.) was filed ("*Lopez DeJonge*").

This Pretrial Order No. 1 shall apply to each of the cases enumerated above. In addition, all class actions challenging the American Express non-discrimination rules or ASRs that are subsequently filed in, or transferred to, this District shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent Order of the Court.

The civil action number for the *Performance Labs* action (06-CV-2974-WHP) shall constitute the Master Docket and Master Civil Action Number for this action, and all documents in any consolidated case shall be filed under that Master Civil Action Number. The Clerk of the Court shall apply the caption *In re: American Express Anti-Steering Rules Antitrust Litigation* to that docket.

All consolidated cases shall have the following caption on all pleadings subsequent to this Order:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re: American Express Anti-Steering Rules Antitrust Litigation**<br><br>**This Document Relates to:** | No. 06-CV-2974-WHP |

When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words, "This Document Relates to:" in the caption set out above. If a pleading is not intended to be applicable to all cases, the individual civil action number for the case(s) to which the pleading is applicable, and the name of the associated plaintiff(s), shall follow the words "This Document Relates to:" in the caption set out above.

## II.  APPOINTMENT OF INTERIM CO-LEAD COUNSEL

Pursuant to Rule 23(g)(3), the Court appoints as Interim Co-Lead Counsel for the Proposed Class the following attorneys: (1) Gary B. Friedman, Esq. of Friedman Law Group LLP; (2) Christopher W. Hellmich, Esq. of Patton Boggs LLP; and (3) Mark Reinhardt of Reinhardt Wendorf & Blanchfield. These counsel shall generally be responsible for coordinating and organizing the Proposed Class Plaintiffs in the conduct of this litigation. In addition to the general duties described above, Proposed Class Plaintiffs' Interim Co-Lead Counsel are authorized to:

1. Coordinate and determine in briefs, oral argument or such other fashion as may be appropriate, and to present to the Court and opposing parties, the position of the Proposed Class Plaintiffs on all matters arising during all pretrial and trial proceedings;

2. Act as or designate spokespersons for the Proposed Class Plaintiffs at pretrial conferences and hearings;

3. Coordinate for Proposed Class Plaintiffs the initiation and conduct of discovery, pretrial proceedings, and trial;

4. Conduct settlement negotiations on behalf of Proposed Class Plaintiffs;

5. Direct and coordinate the work of all Proposed Class Plaintiffs' counsel and to make assignments of work to be performed in the prosecution of the case in a manner to assure that pretrial preparation is conducted effectively, efficiently and economically;

6. Monitor the activities of Proposed Class Plaintiffs' counsel to assure that schedules are met and that unnecessary expenditures of time and expenses are avoided; and,

7. Perform such other duties as may be incidental to proper coordination of Proposed Class Plaintiffs' pretrial and trial activities or authorized by further Order of the Court.

Defendants' counsel may rely upon all agreements made with Proposed Class Plaintiffs' Co-Lead Counsel, and such agreements shall be binding on all Proposed Class Plaintiffs.

## III. CONSOLIDATED CLASS ACTION COMPLAINT AND RESPONSE

Plaintiffs in the above listed actions shall file a Consolidated Class Action Complaint on or before March 13, 2009. On or before April 17, 2009, Defendants shall advise the Court by letter as to whether they intend to answer the Consolidated Class Action Complaint, in which case such Answer shall be filed on or before April 22, or whether they seek to file a motion, in which case Defendants shall state the bases of such proposed motion and Plaintiffs shall submit a responsive letter on or before April 23, 2009. The parties shall appear for a conference in this matter on April 24, 2009 at 10:00 a.m.

Defendants need not respond to any previously filed complaint in any of the consolidated cases. The Consolidated Class Action Complaint shall supersede all of the individual complaints of the consolidated actions and shall be the operative complaint for any actions consolidated herein or subsequently consolidated under Section I, above. Nothing herein shall be construed or used to support or oppose the merits of a motion for class certification in any of the consolidated cases.

## IV. CASE MANAGEMENT AND PROTECTIVE ORDERS

The parties shall meet and confer regarding a Case Management Order, including a Discovery Plan and Schedule pursuant to Fed. R. Civ. P. 26(f) as well as the form and content of a protective order, and shall submit an agreed-upon proposed CMO and protective order to the Court in advance of the April 24 conference. If the parties cannot reach agreement, they shall submit a joint document to the Court describing the areas of agreement and disagreement.

Dated: March 6, 2009
New York, NY

| | |
|---|---|
| **FRIEDMAN LAW GROUP LLP** | **REINHARDT WENDORF & BLANCHFIELD** |
| s/ Gary B. Friedman | s/ Mark Reinhardt |
| Gary B. Friedman (GF 2597)<br>Tracey Kitzman (TK 5869)<br>Dean M. Solomon (DS 3699)<br>270 Lafayette Street, 14th Floor<br>New York, New York 10012<br>(212) 680-5150 | Mark Reinhardt<br>Mark A. Wendorf<br>1250 East First National Bank Building<br>332 Minnesota Street<br>St. Paul, MN 55101<br>(651) 287-2100 |

**PATTON BOGGS LLP**

s/ Christopher Hellmich

Christopher W. Hellmich
Read K. McCaffrey
Lewis Rhodes
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

*Counsel for Plaintiffs*

BOIES, SCHILLER & FLEXNER LLP

s/ Donald L. Flexner

---

Donald L. Flexner (DF 4812)
Philip C. Korologos (PK 3299)
Damien Marshall (DM 2673)
Alanna Rutherford (AF 0497)
575 Lexington Avenue
Seventh Floor
New York, NY 10022
(212) 446-2300

*Counsel for Defendants*

SO ORDERED:

---

**Hon. William H. Pauley III**
**United States District Judge**