UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE: AMERICAN EXPRESS ANTI-STEERING
RULES ANTITRUST LITIGATION

This Document Relates to: All Actions
------------------------------------------------------------x

Master File No. 06-CV-2974-WHP



## PROTECTIVE ORDER

In order to protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c)(7):

### I. Materials Which May Be Designated Confidential or Highly Confidential

1. Any documents, data, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, produced in response to discovery requests in this litigation, including any such material initially produced in any other litigation (hereinafter, collectively, "Discovery Material"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" under this Protective Order.

2. "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercial information. To facilitate discovery, unless stated otherwise by the producing party or non-party, all Discovery Material produced by each party or non-party in the course of the litigation – including deposition testimony and responses to interrogatories or requests for admission – shall

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
7/2/09

presumptively be considered and treated as Confidential Information under the terms of this Order.

3. "Highly Confidential Information" shall include any Confidential Information which the producing party or non-party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

4. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, contain or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

II. **Designation of Discovery Materials as Confidential or Highly Confidential**

5. In addition to the presumptive designation set forth above in paragraph 2, any documents, material or information produced in discovery in this action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or non-party by: (a) furnishing a separate written notice to counsel for the party receiving such documents, material or information at the time of their production or as soon thereafter as practicable specifically identifying the documents or materials as "Confidential," or "Highly Confidential" and promptly thereafter providing copies (bearing the same bates numbers as the original copies) of any such documents bearing such designation(s); or (b) providing copies of the documents, material or information so designated that are stamped with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Discovery Material stamped or designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including those produced, stamped or similarly

designated in prior litigation and made available in this action, shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order. However, any material initially designated as Confidential or Highly Confidential in prior litigation, which subsequently lost its designation pursuant to a court order, or was publicly filed in the prior litigation, shall be treated in this action consistent with its final status in the prior litigation. Notwithstanding the foregoing, the parties agree that all deposition transcripts from prior litigations of employees or former employees of parties in this case that are produced in this case are presumptively designated Highly Confidential pursuant to the terms of this order unless the transcript bears on its face a lower designation. To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order. To the extent that duplicate copies of documents or transcripts have been produced with inconsistent confidentiality designations, the highest level on any such copy shall apply to all such copies.

6. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

7. Inadvertent production of or failure to designate any information as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's

claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Highly Confidential as appropriate. At such time, arrangements shall be made for the return to the producing party or non-party of all copies of the inadvertently misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents. All previously-produced copies of such documents that were inadvertently misdesignated shall be destroyed by the receiving party or parties upon receipt of replacement copies of such documents with the proper designation.

8. Inadvertent production of any document in this litigation in response to discovery requests, subpoenas, or any agreement by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

(a) A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall, within five (5) business days, destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document, provided, however, that the receiving party may retain one

copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph.

(b) No party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver, except that, to the extent previously-produced documents were inadvertently produced and retracted in any prior litigation, the inadvertent reproduction of such documents in this case shall not be deemed a waiver of privilege.

(c) If the recall of a document involves redaction of the inadvertently produced document, the redacted version of the document shall be provided

within ten (10) business days together with a privilege log that includes the information required by Local Civil Rule 26.2 and the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

(d) If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the producing party's counsel, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary. Nothing in this shall prohibit the ability of examining counsel to *voir dire* a deponent about the matters set forth in Local Civil Rule 26.2 concerning the document.

(e) If a party's expert report or expert testimony relies on a document which another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Protective Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently

Produced Privileged Document. Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

9. The parties shall serve a copy of this Order simultaneously with any discovery request made to or subpoena served on any non-party in this action.

10. Deposition testimony and the transcripts and video recordings thereof obtained during pretrial discovery shall be treated as Highly Confidential for a period of 40 days or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or counsel to any party, to notify all parties of any Highly Confidential Information contained therein. Such Highly Confidential Information shall be designated by page and line number, and video cassettes, DVDs or other storage media shall be labeled in accordance with the provisions of this Order. The remainder of the transcript not designated to contain Highly Confidential Information shall be deemed to contain Confidential Information, unless and until any portion of the testimony is de-designated by the Court or by consent of the deponent or counsel for that deponent. The court reporter shall include on the cover page of each volume of each deposition a clear indication that the deposition contains Highly Confidential Information. Any document designated as Confidential or Highly Confidential that is marked as an exhibit in any deposition

shall be treated according to the designation of that document prior to the deposition. Notwithstanding the foregoing, nothing in this paragraph affects the confidentiality designation of those deposition transcripts described in paragraph 5 herein.

### III. Permissible Uses of Discovery Material

11. All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for the purpose of this litigation and not for any other purpose. Any person found to have made an impermissible use of any Discovery Material may be subject to, without limitation, appropriate civil penalties including for contempt of court. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action. In addition, nothing herein shall alter or affect any restriction on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness subject to any order of any other court in any other proceeding or subject to any contractual, statutory or other obligation.

13. Confidential Information may be disclosed only to the following persons:

(a) The Court;

(b) Outside counsel for any party, including associated personnel necessary to assist outside counsel in the action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c) Consultants, experts or litigation support services, including outside copying services, court reporters, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action, provided that they are not presently, and have no present plans to become, an employee or consultant (except herein) of any other party or potential party (including any putative class member) to this action. Further, in the event a party wishes to disclose Confidential Information to a consultant or expert that is employed by, a consultant (except herein) of, or who has a present plan to become an employee or consultant of, any participant in the payment services industry (excluding economists, IT consultants, accountants, behavioral psychologists, statisticians, and attorneys, whose primary role in the industry is testifying or consulting in legal and regulatory proceedings) (an "Industry Participant"), then such party (the "Notifying Party") shall notify the party that produced such Confidential Information (the "Producing Party"), and provide ten (10) business days written notice during which the Producing Party may seek an Order from the Court precluding such disclosure. The Notifying Party shall not disclose any such Confidential Information to an Industry Participant absent either a ruling from the Court rejecting the challenge of a Producing Party or the passage of ten (10) business days without a written objection from the Producing Party;

(d) Associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing or videotaping of

party and is known to have prior knowledge of the specific document containing the Confidential or Highly Confidential Information to be disclosed; or (iii) the person is a former employee of the producing party or non-party and is reasonably likely to have had prior knowledge of the subject matter referenced in the Confidential or Highly Confidential Information to be disclosed. Information may not be disclosed under clause (iii) if the person is a current employee or consultant (excluding those retained exclusively for the purposes of this litigation and covered by Paragraph 13(c)) or reasonably expected to be a future employee or consultant (excluding those retained exclusively for the purposes of this litigation and covered by Paragraph 13(c)) of any other named party to this action or any competitor of any party to this action.

17. Persons described in paragraph 13(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 13(c) (and associated personnel) or any person described in paragraph 16 must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Protective Order of [date entered] in [this action] (the "Order"). I have been given a copy of and have read this Order and agree to be bound by its terms."

### IV. Challenges to Confidential or Highly Confidential Designations

18. If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will attempt first to resolve the

dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential within the definition(s) of those term(s) set forth above. Discovery Material shall not be entitled to a Confidential or Highly Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. Nothing in this order precludes any party from challenging a confidentiality designation on any other ground.

19. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect trade secrets or any other type of confidential, proprietary or commercially-sensitive information; or (b) prejudice in any way the right of a party at any time to: (i) seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) object to any discovery request, including the right to assert that no discovery should be had of or relating to certain documents or information; (iv) seek a higher level of protection than provided for by this Order if the party believes that circumstances warrant that higher level of protection; (v) seek documents or other information from any source; or (vi) seek more flexible procedures at trial for the introduction and use of evidence or information designated pursuant to this Order. In any instance where a producing

party or non-party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials only as of the time of their redesignation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

V. **Deposition Procedures**

20. At any deposition, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential or Highly Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals specified in paragraphs 13 and 14 hereof who have access to the appropriate category of information, leave the deposition room during the Confidential or Highly Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

21. Any deposition testimony concerning a Confidential or Highly Confidential document produced by a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or videotape.

VI. **Efforts by Non-Parties to Obtain Confidential Information**

22. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall notify the producing party or non-party no later than seven days following receipt of the subpoena (but in

no event later than seven days prior to the date set in the subpoena for the production of such subpoenaed information), including in such notice the date set in any subpoena or other compulsory process for the production of such subpoenaed information and a copy of the subpoena, so that the producing party may file a motion for protective order or to quash the subpoena. The subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to such subpoena or other compulsory process without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction.

23. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or other proceeding commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

### VII. Filing Under Seal

24. No pleadings, motion papers, memoranda, affidavits, exhibits, transcripts, or other papers that consist of, contain, or reflect Confidential or Highly Confidential Information shall be filed with the Clerk of the Court unless and until the Party has obtained leave of court to file such documents or the portions thereof containing or reflecting Confidential or Highly Confidential Information under seal. If leave is granted, Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a) Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in a sealed envelope on which it shall be endorsed with the title to this action, the words "FILED UNDER SEAL" and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons *authorized* to have access to such information pursuant to paragraph 13 or 14, as applicable, which person(s) shall return the information to the Clerk in a sealed envelope.

Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between or among the parties, the above message shall be placed in the electronic mail message by which such documents are transmitted or on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet for the facsimile by which such documents are transmitted. A full and unredacted copy of any such submission may be provided directly to the Court's chambers, marked "Chambers Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order." Such a "Chambers Copy" may be provided to the Court at the time leave to file under seal is sought.

(b) As soon as practicable after leave of court to file under seal has been obtained, the submitting party shall electronically file with the Clerk of the Court, for its public file, a copy of the submitted materials with the Confidential Information and/or Highly Confidential Information redacted.

(c) If any party objects to identified portions of the materials remaining under seal, it shall, within ten business days after submission of such materials to the Court, state its objections in a letter sent by facsimile or electronic mail to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve

those objections and, if such objections cannot be resolved, the party asserting such objections shall promptly tender those objections to the Court for resolution. The revised public filing, if any, of that submission shall be made by the submitting party within ten business days after the Court's decision resolving that dispute.

### VIII. Use of Confidential or Highly Confidential Information at Trial

25. In the event that any Confidential Information or Highly Confidential Information is used in any pre-trial court hearing or proceeding in this action, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer in an effort to resolve such dispute.

26. The parties shall confer and attempt to agree, before any trial or other hearing, on the procedures under which Confidential or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential or Highly Confidential Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information. The parties shall provide non-parties with notice of potential use at trial of any Confidential or Highly Confidential Information produced by such non-parties if and when any such materials are listed as potential exhibits in the required filings prior to commencement of trial. The parties shall give notice as soon as practicable after Confidential or Highly Confidential Information which is not listed on the exhibit list is determined to be likely to be used by counsel for a party in the course of examination or cross-examination at trial.

## IX. Procedures upon Termination of Action

27. After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that any or all parties return or destroy any Discovery Material the producing party or non-party has provided, which request shall be honored. It shall be the obligation of the party receiving Discovery Material to obtain the return of any such document(s) or information distributed by that party to any expert, consultant or other person in the course of the litigation or to obtain written certification of destruction of such document(s) or information from such expert, consultant or other person. If the possessing party to which such a request has been directed elects to destroy the Discovery Material rather than return it, such possessing party shall provide the producing party or non-party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a party's retention of any discovery material. To the extent any person retains copies of certain documents pursuant to the terms of this paragraph, such information shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from Discovery Material shall continue even after such Discovery Material is returned or destroyed. This Court shall have continuing jurisdiction to modify, amend, enforce, interpret or rescind this Order notwithstanding the termination of this action.

## X. Miscellaneous

28. This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil

Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure. Further, this Order shall not prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, testimony, or other evidence.

29. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

30. The parties agree to be bound by the terms of this Order pending the entry of this Order by the Court and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

31. The provisions of this Order shall become effective upon entry by the Court; however, all material produced and designated as Confidential or Highly Confidential pursuant to this Order prior to the entry of this Order by the Court shall be subject to, and governed by, its provisions as though entered by the Court prior to such designation.

32. In the event additional parties join or are joined in this action, they shall not have access to Discovery Material until such newly joined party or its counsel on its behalf has executed and filed with the Court its agreement to be fully bound by this Order. Upon filing such agreement with the Court, such newly joined party shall be treated as a "party" as that term is used herein and shall be entitled to the same rights and subject to the same restrictions as may

be imposed herein on any of the parties to this action.

Dated: New York, New York
       June ___, 2009

| **FRIEDMAN LAW GROUP, LLP** | **BOIES, SCHILLER & FLEXNER LLP** |
|---|---|
| *Gary Friedman* /PCK | *[signature]* |
| Gary Friedman (GF 2597) | Donald L. Flexner (DF 4812) |
| Tracey Kitzman (TK 5869) | Philip C. Korologos (PK 3299) |
| 270 Lafayette Street | 575 Lexington Avenue |
| New York, NY 10012 | New York, NY 10022 |
| (212) 680-5150 | (212) 446-2300 |
| **Attorneys for Class Plaintiffs** | **Attorneys for Defendants** |

**SO ORDERED:**

Dated: June ___, 2009

_____
Judge William H. Pauley, III
United States District Judge